This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                           **NO. 31,515**

**ANDREW RAMBES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals his conviction for second degree criminal sexual penetration of a minor (CSPM) claiming that the evidence was only sufficient to establish third degree CSPM. The State agrees with Defendant's assertion. We also agree with Defendant because the jury was not asked to find that the Victim (JL) suffered personal injury as a result of Defendant's actions and because there was insufficient evidence to show that the Victim suffered personal injury. *See* NMSA 1978, § 30-9-11(D)(3) (2003) (amended 2007). As an alternative offense, the jury also convicted Defendant of fourth degree CSPM. *See* § 30-9-11(F)(1) (2003). At sentencing, the fourth degree CSPM conviction was vacated as a lower alternative offense to the second degree CSPM conviction. Therefore, we reverse and remand so that the district court can properly sentence Defendant for the alternative offense of fourth degree CSPM.

**Background**

{2}     The facts of the case "are largely undisputed, only the legal effects of those facts are at issue." *State v. Office of the Public Defender ex rel. Muqqddin,* 2012-NMSC-029, ¶ 4, 285 P.3d 622. The parties agree that JL testified that Defendant had sex with her against her will and that her vagina felt sore after having sex with Defendant. She testified that Defendant forcibly removed her pants and laid down on top of her, and she tried to get up and could not. She testified that Defendant pushed

2

her hard and her head repeatedly hit the arm of the couch. However, the parties agree that JL did not testify as to any injuries other than the transient vaginal pain she experienced right after penetration.

**{3}** The State concedes that there was no testimony whatsoever that JL suffered physical injuries as a result of Defendant's actions other than transient vaginal pain shortly after the incident. There was some testimony as to possible manifestations of personal injury such as testimony that JL was depressed, sleepless, and wet the bed. There was also testimony that JL was nervous, anxious, and gained a substantial amount of weight in a very short time. However, the State concedes that there was no testimony tying these psychological and emotional manifestations to Defendant's actions, because the State did not want Defendant to introduce testimony or evidence suggesting that JL's brothers had also sexually molested JL or that the manifestations might have been caused by something other than Defendant's actions.

**{4}** Finally, the nurse from the sexual assault nurse examiner program (SANE) testified that she examined JL after the incident, and JL was upset, fearful, and fidgety. The nurse testified that she did not record a finding of any injury on her chart. At trial, the nurse attempted to change her testimony to state that she observed some potentially injured cells during her examination of JL, but the district court stopped the testimony and the jury was instructed, without objection from the State,

3

to disregard the nurse's testimony that there were physical injuries to JL.

{5} The jury was instructed that in order to convict Defendant of second degree CSPM, the State had to prove beyond a reasonable doubt that: (1) Defendant caused JL to engage in sexual intercourse; (2) Defendant used physical force or physical violence; (3) Defendant's acts resulted in vaginal pain; and (4) Defendant's acts were unlawful. Defendant did not object to the instruction even though it varied from the uniform jury instruction in effect at that time.

{6} The uniform jury instruction in effect at the time required the State to prove beyond a reasonable doubt that Defendant caused the CSPM "through the use of physical force or physical violence" and "Defendant's acts resulted in [personal injury]." UJI 14-946 NMRA. Personal injury is defined as "bodily injury to a lesser degree than great bodily harm and includes, but is not limited to, disfigurement, mental anguish, chronic or recurrent pain, pregnancy or disease or injury to a sexual or reproductive organ[.]" NMSA 1978, § 30-9-10(D) (2005).

{7} Defendant was convicted of second degree CSPM as that term was defined at the time the crimes were allegedly committed as CSPM perpetrated "by the use of force or coercion that results in personal injury to the victim[.]" *See* § 30-9-11(D)(3) (2003). As an alternative offense, Defendant was also convicted of fourth degree CSPM. *See* § 30-9-11(F)(1) (2003). The State did not request or submit a lesser

4

included instruction for third degree CSPM. *See*, § 30-9-11(E) (2003). After Defendant was convicted, he moved for a new trial, directed verdict, or other relief, on grounds that the State failed to prove that Defendant caused JL to suffer personal injury as that term is used in Section 30-9-11(D)(3) (2003).

**{8}** Defendant now appears to concede that there was sufficient evidence to establish that he caused JL to engage in sexual intercourse, he used physical force or physical violence, his acts were unlawful, and they resulted in JL experiencing transient vaginal pain. *Cf. State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986) (stating that the sufficiency of the evidence is evaluated by considering the jury instructions which "become the law of the case against which the sufficiency of the evidence is to be measured"). Nonetheless, he contends, and the State agrees, that reversal and remand is required because the testimony and evidence introduced at trial failed to establish personal injury. The parties agree that the evidence was only sufficient to convict Defendant of third degree CSPM or the lower alternative offense of fourth degree CSPM.

Discussion

**{9}** We are being asked to determine the meaning of "personal injury" as that term was used in Section 30-9-11(D)(3) (2003). "Statutory construction is a matter of law we review de novo [and] [w]e must take care to avoid adoption of a construction that

5

would render the statute's application absurd or unreasonable or lead to injustice or contradiction." *State v. Nick R.*, 2009-NMSC-050, ¶ 11, 147 N.M. 182, 218 P.3d 868 (internal quotation marks and citations omitted).

{10}     As previously stated, personal injury is defined as "bodily injury to a lesser degree than great bodily harm and includes, but is not limited to, disfigurement, mental anguish, chronic or recurrent pain, pregnancy or disease or injury to a sexual or reproductive organ." Section 30-9-10(D). The definition of personal injury does not explicitly exclude slight injury such as the transient vaginal pain experienced by JL after Defendant committed the CSPM. However, Section 30-9-10(D) does provide examples of what constitutes personal injury such as "disfigurement, mental anguish, chronic or recurrent pain, pregnancy or disease or injury to a sexual or reproductive organ." *Id.*

{11}     In construing a statute, we generally follow the ejusdem generis canon of statutory construction which provides, "that where general words follow an enumeration of persons or things of a particular and specific meaning, the general words are not construed in their widest extent but are instead construed as applying to persons or things of the same kind or class as those specifically mentioned." *State v. Foulenfont*, 119 N.M. 788, 791, 895 P.2d 1329, 1332 (Ct. App. 1995) (internal quotation marks and citation omitted); *see* NMSA 1978, § 12-2A-20 (A)(1), (2)

6

(1997) ("In considering the text of a statute or rule . . . and the context in which the statute or rule is applied, the following aids to construction may be considered in ascertaining the meaning of the text: (1) the meaning of a word or phrase may be limited by the series of words or phrases of which it is a part; and (2) the meaning of a general word or phrase following two or more specific words or phrases may be limited to the category established by the specific words or phrases."). We also apply the rule of lenity which requires us to strictly construe any ambiguity in criminal statutes against the State. *See Muqqddin*, 2012-NMSC-029, ¶ 58. "Under the rule of lenity, [any] ambiguity must be resolved in favor of Defendant[]." *Id.*

{12} Applying the canon of ejusdem generis and the rule of lenity in interpreting Section 30-9-11(D)(3) (2003) and Section 30-9-10(D) leads us to the conclusion that the evidence does not establish that Defendant committed second degree CSPM because JL's experience of transient vaginal pain did meet the statutory definition of personal injury. Section 30-9-10(D) uses the words "chronic" and "recurrent" pain which differ from transient pain that resolves shortly after the incident. Furthermore, we are not convinced that transient vaginal pain is comparable to "disfigurement, mental anguish, . . . pregnancy or disease or injury to a sexual or reproductive organ." *Id.*

{13} Finally, we take note of this Court's recent opinion in *State v. Trujillo*, 2012-

NMCA-092, ¶¶ 1-4, 287 P.3d 344, where this Court considered the defendant's challenge to his conviction for second degree criminal sexual contact of a minor (CSCM) instead of third degree CSCM. In *Trujillo*, as in this case, the defendant did not object to the jury instructions or object to the second degree charge until after he was convicted. *Id.* ¶ 4. At that point, he filed a motion to amend the degree of the charge to third degree CSCM because second degree CSCM only applied to conduct of unlawfully touching the victim's unclothed intimate body parts, and the defendant was charged with causing a minor to touch the defendant's unclothed penis. *Id.* ¶ 4, 5, 15; *see generally* NMSA 1978 § 30-9-13 (2003).

{14} In considering the defendant's challenge, this Court stated that "[r]egardless of whether the issue is framed as an illegal sentence or a legally insufficient jury instruction, our inquiry is the same: whether [the d]efendant's conduct, causing [the victim] to touch [the d]efendant's unclothed penis, as reflected in the jury instruction, is second or third degree CSCM under Section 30-9-13." *Trujillo*, 2012-NMCA-092, ¶ 16. This Court then proceeded to consider the merits of the defendant's contention that the charge should have been amended to third degree CSCM. *Id.* ¶ 1, 16-22.

{15} In *Trujillo*, the jury instructions provided that the State had to prove that the defendant caused the victim to touch the defendant's unclothed penis, and this Court found there was sufficient evidence to support the jury's conviction based upon that

8

instruction. *Id.* ¶¶ 5-7; *cf. Smith*, 104 N.M. at 730, 726 P.2d at 884. This Court then looked at the statutory definition of second degree CSCM which consists of "criminal sexual contact of the unclothed intimate parts of a minor perpetrated . . . on a child under thirteen years of age[.]" *Trujillo*, 2012-NMCA-092, ¶ 17; *see* § 30-9-13(B)(1). This Court found that the defendant's actions actually described third degree CSCM. *Trujillo*, 2012-NMCA-092, ¶¶ 18-22; *see* § 30-9-13(C). We then held that "the plain language of Section 30-9-13(B) indicates that the Legislature intended to increase penalties for only one type of CSCM, touching the unclothed intimate parts of a minor . . . [and] [s]econd degree CSCM as defined in Section 30-9-13(B) is limited to instances in which a defendant touches or applies force to the unclothed intimate parts of a minor." *Trujillo*, 2012-NMCA-092, ¶ 21-22. This Court determined that the evidence showing that the defendant caused the victim to touch his unclothed intimate parts is only a third degree CSCM and is remanded for the entry of a conviction for third degree CSCM and resentencing. *Id.* ¶¶ 22-23.

{16}     After applying our rules of statutory construction and being guided by our recent opinion in *Trujillo*, we reverse Defendant's conviction for second degree CSPM and remand for resentencing on Defendant's conviction for the lower alternative offense of fourth degree CSPM. *See State v. Villa*, 2004-NMSC-031, ¶¶ 8-18, 136 N.M. 367, 98 P.3d 1017 (recognizing that the state may not pursue

resentencing for a lesser included offense where the jury was not instructed on that lesser offense at trial); *State v. Haynie*, 116 N.M. 746, 748, 867 P.2d 416, 418 (1994) (allowing resentencing for a lesser offense where the jury was instructed on the lesser included offense at trial). In light of our decision to reverse and remand to resentence Defendant for the fourth degree CSPM alternative conviction, we do not consider Defendant's other arguments presented for review.

**CONCLUSION**

{17}    Based upon the foregoing, we reverse Defendant's conviction for second degree CSPM and remand this matter to the district court so that Defendant may be resentenced pursuant to his alternative conviction for fourth degree CSPM.

{18}    **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA J. ZAMORA, Judge**