This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. A-1-CA-37124**

**THOMAS CARL WEST, JR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Public Defender
J.K. Theodosia Johnson, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1} Defendant Thomas Carl West, Jr., appeals his convictions for trafficking methamphetamine and conspiracy to traffic methamphetamine. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We have considered Defendant's arguments, but remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

{2} In his memorandum in opposition, Defendant continues to argue that the evidence was insufficient to convict him of trafficking methamphetamine. [MIO 2-3] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). We view the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "We will not substitute our judgment for that of the factfinder, nor will we reweigh the evidence." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

{3} In order to convict Defendant of trafficking methamphetamine, the State was required to prove beyond a reasonable doubt that on or about September 15, 2015, (1)

2

"[D]efendant transferred or caused the transfer of methamphetamine to another[,]" and (2) "[D]efendant knew it was methamphetamine . . . or believed it to be some drug or other substance the possession of which is regulated or prohibited by law[.]" [RP 42] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."); *see also* UJI 14-3103 NMRA.

{4} Defendant argues that the evidence was insufficient to show that he "transferred or caused the transfer of [the] methamphetamine to another." [MIO 2] Defendant points to his testimony that he was at the apartment to buy methamphetamine and argues that the trafficking statute only punishes the seller of the controlled substance and not the purchaser. [MIO 2-3] *See* NMSA 1978, § 30-31-20 (2006) (defining trafficking controlled substances). We disagree. At trial, Deputy Calib Bruce testified that police were conducting a controlled buy on a target named Michael Marquez. Deputy Bruce testified that he arranged with Mr. Marquez to come to an apartment located in Otero County in order to buy methaphetamine, and when he got there, Defendant came into the room and introduced himself. Deputy Bruce testified that Defendant pulled a baggie of methamphetamine from his pocket and laid it on the table, and Deputy Bruce put $50 on the table. Deputy Bruce then took the methamphetamine and left the apartment. [DS 4-5; RP 148-149]

{5} This evidence is sufficient to establish that Defendant was guilty of trafficking, despite the fact that he did not directly hand the methamphetamine to the officer. *See State v. Montes*, 2007-NMCA-083, ¶¶ 28-30, 142 N.M. 221, 164 P.3d 102 (determining that a jury could conclude that the defendant caused the transfer of methamphetamine to another despite the fact that the defendant was not present for the actual transfer, where the defendant knew that a drug transaction was taking place and quoted the price for the methamphetamine to the go-betweens who gave the drugs to police). Additionally, the jury was entitled to disregard Defendant's version of events. *See State v. Hughey*, 2007-NMSC-036, ¶ 16, 142 N.M. 83, 163 P.3d 470 ("It is the role of the fact[-]finder to judge the credibility of witnesses and determine the weight of evidence."); *see also State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (recognizing that the fact-finder may reject the defendant's version of the incident).

{6} Defendant also challenges the sufficiency of the evidence to convict him of conspiracy to traffic. [MIO 3-4] In order to convict Defendant of conspiracy, the State was required to prove that "[D]efendant and another person by words or acts agreed together to commit trafficking a controlled substance-methamphetamine[,]" and that "[D]efendant and the other person intended to commit trafficking a controlled substance-methamphetamine[.]" [RP 46] The evidence at trial, described above, was

4

sufficient to allow the jury to infer the existence of an agreement between Mr. Marquez and Defendant to traffic methamphetamine. *See State v. Gallegos*, 2011-NMSC-027, ¶ 45, 149 N.M. 704, 254 P.3d 655 (stating that the jury may infer a conspiracy from the defendant's conduct and the surrounding circumstances); *see also State v. Roper*, 2001-NMCA-093, ¶ 8, 131 N.M. 189, 34 P.3d 133 (recognizing that the agreement comprising a conspiracy can be nothing more than a mutually implied understanding that can be proved by the cooperative actions of the participants involved).

{7} In his memorandum in opposition, Defendant argues that he could not conspire as a matter of law with the undercover officer, and that he also could not conspire with Mr. Marquez, because Defendant was a merely a customer. [MIO 4] While we agree that Defendant could not be convicted of conspiring with Deputy Bruce, the evidence was sufficient to show an agreement with Mr. Marquez, notwithstanding Defendant's testimony that he was only there to buy methamphetamine. *See State v. Saiz*, 2017-NMCA-072, ¶ 26, 404 P.3d 422 (recognizing that "neither a law enforcement officer nor a government agent can be a co-conspirator"); *Sutphin*, 1988-NMSC-031, ¶ 21 (recognizing that the fact-finder "may reject [the] defendant's version of the incident").

**{8}** As a final matter, we note that Defendant has not responded to our proposed summary disposition of his arguments that his trial counsel was ineffective or that his prior plea to trafficking was involuntary. Accordingly, for the reasons set out above and those stated in our notice of proposed summary disposition, we affirm the district court.

**{9}** **IT IS SO ORDERED**.


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**JENNIFER L. ATTREP, Judge**