This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38596**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JESSE RAY TAYLOR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Michael H. Stone, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his convictions. We issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

## DISCUSSION

**{2}** Defendant first continues to argue that he was denied his right to confrontation and his right to present a defense when the district court limited his ability to cross-

examine regarding a prior sexual assault allegation made by the victim. [MIO 12-18] We initially proposed to affirm on this issue because Defendant failed to provide sufficient information to allow us to consider the issue. *See* Rule 12-208(D)(3) NMRA (stating that the docketing statement must contain a complete recitation of the facts necessary to a consideration of the issues raised). Defendant now recites in his memorandum in opposition that, prior to trial, he sought a ruling from the district court on whether he would be allowed to introduce evidence that the victim had made a prior sexual assault allegation against someone, and that her mother did not believe the allegation. [MIO 2] Defendant does not inform this Court specifically how he intended to introduce this evidence; however, it appears from the recitation of facts in the memorandum in opposition that he intended to elicit it through cross-examination of the victim's mother. [MIO 3]

**{3}** The State responded that the evidence of a prior sexual assault allegation was inadmissible under New Mexico's rape shield statute. [MIO 3] *See* NMSA 1978, § 30-9-16(A) (1993) (generally prohibiting admission of "evidence of the victim's past sexual conduct, opinion evidence of the victim's past sexual conduct or of reputation for past sexual conduct, . . . unless . . . the evidence is material to the case and that its inflammatory or prejudicial nature does not outweigh its probative value."); *see also* Rule 11-412(A) NMRA (providing that, in a criminal proceeding involving alleged sexual misconduct, evidence offered to prove that the victim engaged in other sexual behavior or evidence offered to prove the victim's sexual predisposition is not admissible).

**{4}** The district court stated that the evidence would be covered by the rape shield statute, but that it would allow Defendant to voir dire the victim's mother on the issue. [MIO 3] However, Defendant does not inform this Court whether he did conduct a voir dire of the victim's mother and, if so, what testimony she would have offered on the issue. The district court also ruled that the evidence of a prior sexual assault allegation made by the victim was inadmissible under Rule 11-404 NMRA (generally prohibiting the introduction of character evidence to prove that a person acted in accordance with the trait) and Rule 11-608 NMRA (governing evidence of a witnesses character for truthfulness or untruthfulness and providing when specific instances of conduct are admissible to attack or support a witness's character for truthfulness). [MIO 3]

**{5}** Defendant now argues that the district court erred in ruling that evidence of a prior sexual assault allegation by the victim was inadmissible. [MIO 12-13] Defendant argues that evidence that a victim has falsely accused others of sexual assault in the past is not protected under the rape shield law and is relevant to the victim's credibility. [MIO 12-14] Specifically, Defendant asserts that "[t]he fact that [the victim] had previously made an allegation of sexual assault that her mother did not believe is probative of untruthfulness." [MIO 14] *See* Rule 11-412(B) (providing that "[t]he court may admit evidence of the victim's past sexual conduct that is material and relevant to the case when the inflammatory or prejudicial nature does not outweigh its probative value").

**{6}** "[W]hen a defendant makes a claim that the rape shield law bars evidence implicating his or her confrontation rights, a district court must first identify a theory of relevance implicating a defendant's constitutional right to confrontation and then weigh whether evidence elicited under that theory would be more prejudicial than probative." *State v. Montoya*, 2014-NMSC-032, ¶ 14, 333 P.3d 935. Defendant's theory was that the evidence was relevant to the victim's credibility, and our appellate courts have acknowledged that a defendant may have a right to cross-examine a victim regarding evidence of a prior sexual incident where it is relevant to show that a present accusation of sexual assault is fabricated. *See, e.g.*, *State v. Stephen F.*, 2008-NMSC-037, ¶¶ 1, 6, 144 N.M. 360, 188 P.3d 84 (holding that the defendant had the constitutional right to cross-examine the victim regarding a prior sexual incident to establish the victim's motive to fabricate the present charges against him); *see also State v. Johnson*, 1997-NMSC-036, ¶ 24, 123 N.M. 640, 944 P.2d 869 ("If application of the rape shield law or rule would conflict with the accused's confrontation right, if it operates to preclude the defendant from presenting a full and fair defense, the statute and rule must yield.").

**{7}** We therefore proceed to examine whether the district court erred in excluding the evidence under the rape shield rule, utilizing test in *Johnson* which examines "(1) whether there is a clear showing that the complainant committed the prior acts; (2) whether the circumstances of the prior acts closely resemble those of the pertinent case; (3) whether the circumstances of the prior acts are clearly relevant to a material issue, such as identity, intent, or bias; (4) whether the evidence is necessary to the defendant's case; and (5) whether the probative value of the evidence outweighs its prejudicial effect." *Johnson*, 1997-NMSC-036, ¶ 27; *see also Montoya*, 2013-NMSC-076, ¶ 27. Where the defendant makes a sufficient showing under this framework, a constitutional right to present evidence otherwise excluded by the rape shield statute or rule is established. *See Stephen F.*, 2008-NMSC-037, ¶ 8.

**{8}** Applying these factors, we conclude that Defendant failed to make a sufficient showing to allow for admission of this evidence. The record before us does not clearly establish either that the victim made a prior allegation that she had been sexually assaulted or that the circumstances of a prior allegation closely resembled the circumstances in this case. *See Montoya*, 2013-NMSC-076, ¶ 27 (determining that the district court did not err in excluding evidence under the rape shield statute where there were several *Johnson* factors that the defendant was unable to prove). Most significantly, there is nothing in the record establishing that any prior allegation of sexual assault made by the victim was false. While we understand Defendant to contend that he would have presented evidence that the victim's mother did not believe the prior allegation, such testimony from the victim's mother would not establish the falsity of any prior allegation. *See State v. Casillas*, 2009-NMCA-034, 145 N.M. 783, 205 P.3d 830 (holding that the defendant failed to make a showing sufficient to justify admission of prior allegations of a sexual nature made by the victim against a third party where the defendant failed to show that the prior allegations were demonstrably false).

**{9}** We therefore conclude that Defendant has not established that he was denied his constitutional right to confrontation or that the district court otherwise erred in excluding this evidence.

**{10}** Defendant next contends that prosecutorial misconduct occurred during closing argument. Specifically, Defendant asserts that when discussing evidence Defendant had elicited during trial that the victim had giggled at some point during the incident, the prosecutor opined that the victim may have giggled because she was nervous and stated, "I would too if I was put in that situation." [DS 6; MIO 6, 18] Defendant immediately objected to this statement, and the district court sustained the objection and instructed the jury to disregard the comment. [MIO 18]

**{11}** "When an issue of prosecutorial misconduct is preserved by a timely objection at trial, we review the district court's ruling for abuse of discretion." *State v. Paiz*, 2006-NMCA-144, ¶ 53, 140 N.M. 815, 149 P.3d 579. "Where it is alleged that improper prosecutorial comments have been made in closing argument, the question is whether the comments deprive the defendant of a fair trial." *State v. Brown*, 1997-NMSC-029, ¶ 23, 123 N.M. 413, 941 P.2d 494; *see also State v. Chamberlain*, 1991-NMSC-094, ¶ 26, 112 N.M. 723, 819 P.2d 673 ("The question on appeal is whether the argument served to deprive [the] defendant of a fair trial."). "In order to answer this question, we review the comment in context with the closing argument as a whole and in the context of the remaining trial proceedings 'so that we may gain a full understanding of the comments and their potential effect on the jury.' " *State v. Fry*, 2006-NMSC-001, ¶ 50, 138 N.M. 700, 126 P.3d 516 (quoting *State v. Armendarez*, 1992-NMSC-012, ¶ 10, 113 N.M. 335, 825 P.2d 1245).

**{12}** Here, the prosecutor's remark was isolated, and the district court promptly admonished the jury to disregard the comment. *See Brown*, 1997-NMSC-029, ¶ 23 ("The general rule is that an isolated comment made during closing argument is not sufficient to warrant reversal." ). Moreover, the record does not establish that the jury's verdict was based on passion or prejudice or that Defendant was otherwise deprived of a fair trial. *See Fry*, 2006-NMSC-001, ¶ 51 (considering the prosecutor's improper remark in the context of the overwhelming evidence of guilt, the district court's comments to the jury, and the substance of the prosecutor's remark to determine that the verdict was not based on passion or prejudice and the defendant was not otherwise deprived of a fair trial). Accordingly, we reject this assertion of error.

**{13}** Defendant next argues that the district court erred in denying his motion for mistrial after the prosecutor informed a defense witness that Defendant was a convicted sex offender prior to the witness testifying. [MIO 22] This occurred outside the presence of the jury on the second day of trial when the State interviewed the defense witnesses. [DS 4-5] Defendant argues that the prosecutor sought to taint the defense witness by informing the witness that Defendant was a sex offender. [MIO 23] We review a district court's denial of a motion for mistrial for an abuse of discretion. *State v. McDonald*, 1998-NMSC-034, ¶ 26, 126 N.M. 44, 966 P.2d 752. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of

the case." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

**{14}** In this case, information that Defendant was a convicted sex offender was not presented to the jury. *See State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807 (stating that prosecutorial misconduct occurs when "the prosecutor's improprieties had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial"). Defendant argues, however, that the witness's testimony was impacted by the prosecutor's statement, pointing to the witness's testimony that he and Defendant were no longer friends. [MIO 23] However, the witness informed the district court that his awareness of this information would not affect his testimony, and the witness in fact gave testimony supportive of Defendant's version of events at trial. [MIO 23] Under these circumstances, the record is insufficient to establish that the witness's testimony was impacted due to the prosecutor's statement regarding Defendant's status as a sex offender. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). We therefore hold that the district court did not abuse its discretion in denying Defendant's motion for mistrial. *See State v. Storey*, 2018-NMCA-009, ¶ 60, 410 P.3d 256 (holding that the district court did not abuse its discretion in denying the defendant's motion for mistrial where the defendant's claim that the jury was prejudiced by comments of the prosecutor and a venire member was merely speculative, and the record did not support a claim that the defendant had been deprived of a fair trial).

**{15}** Finally, Defendant argues that the evidence was insufficient to support his convictions. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). We view the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "We will not substitute our judgment for that of the fact[-]finder, nor will we reweigh the evidence." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

**{16}** Defendant does not argue that the State failed to prove any specific element of the offense, rather he argues that there was no physical evidence, medical evidence, or testimony from other witnesses to corroborate the victim's testimony. Defendant also points to witness testimony he presented that was supportive of his version of events. [MIO 25] However, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *Rojo*, 1999-NMSC-001, ¶ 19. Additionally, the testimony of the victim describing Defendant's actions, was alone sufficient to sustain the convictions, and the State was not required to present corroborating physical evidence or witness testimony. *See State v. Ramirez*, 2018-NMSC-003, 409 P.3d 902 (recognizing that the testimony of a single witness may legally suffice as evidence upon which the jury may find a verdict of guilt).

**{17}** For these reasons, we affirm Defendant's convictions.

**{18}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**