This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39962**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOHNNY SANCHEZ,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Felicia R. Blea-Rivera, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his conviction for driving under the influence (DUI). We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** Defendant continues to challenge the sufficiency of the evidence to support his conviction. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v.*

*Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). We view the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "We will not substitute our judgment for that of the factfinder, nor will we reweigh the evidence." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

**{3}** Defendant was convicted of DUI under both the per se standard and the impaired-to-the slightest degree standard after a bench trial in the metropolitan court. *See* NMSA 1978, §§ 66-8-102(B), (C) (2016). In order to convict Defendant of DUI under the impaired-to-the-slightest-degree alternative, the State was required to prove beyond a reasonable doubt that Defendant operated a motor vehicle and that, at the time, he "was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the driver and the public as a result of drinking . . . liquor," *State v. Gurule*, 2011-NMCA-042, ¶ 7, 149 N.M. 599, 252 P.3d 823; *see also* § 66-8-102(A).

**{4}** Relative to this, there was evidence presented at trial that Officer Daniel Galvan responded to a report of a vehicle crash on Wyoming Boulevard in Albuquerque, and encountered Defendant in his vehicle. Officer Galvan observed a white BMW with front end damage and saw Defendant talking to someone in a nearby house. [MIO 1] Defendant approached Officer Galvan and said that it was his car. In response to the officer's questions, Defendant said that he had been driving and hit a truck that was backing out and had no lights on. [MIO 1-2] Officer Galvan observed that Defendant had bloodshot, watery eyes, an odor of alcohol, and was having difficulty standing still. [MIO 2] Officer Galvan then called for a DUI unit, and Officer Neill Elsman responded to the call. [MIO 2]

**{5}** Officer Elsman testified that he noticed extensive damage to Defendant's vehicle and Defendant admitted to having consumed alcohol before driving, variously saying that he had consumed beer and/or a vodka tonic either one or two hours earlier. [7/28/2021, 11:36:11-11:40:15; MIO 2-3] Officer Elsman then administered standard field sobriety tests (SFTs) and noted clues of intoxication, including Defendant's swaying during the one-leg-stand test and his raising his arm, making an improper turn, and failing to touch heel to toe on several steps during the walk-and turn test. [MIO 3; 7/28/2021, 11:47:00-11:58:15]

**{6}** This evidence is sufficient to support Defendant's conviction for DUI under the impaired-to-the-slightest-degree theory. *See State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, smelled of alcohol, and slurred speech), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 142 N.M. 32, 275 P.3d 110; *see also State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had

slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated).

**{7}** Defendant argues that police did not actually see him driving and therefore, Defendant could have consumed alcohol after the crash, but before police arrived. [MIO 6-8] However, circumstantial evidence alone can prove that a driver was intoxicated. *See State v. Mailman*, 2010-NMSC-036, ¶¶ 23, 27-28, 148 N.M. 702, 242 P.3d 269 (observing that direct evidence is not required to support a conviction for past DWI; rather, circumstantial evidence may be relied upon to establish that the accused actually drove while intoxicated). Here, Defendant admitted to driving and crashing into the truck. Defendant also gave differing accounts of the amount of alcohol he had consumed and differing accounts regarding how the crash occurred. *See State v. Martinez*, 1999-NMSC-018, ¶ 34, 127 N.M. 207, 979 P.2d 718 (observing that changing statements to the police evidenced consciousness of guilt). This evidence, combined with Defendant's admission to consuming alcohol and his performance on the FSTs was sufficient to permit an inference that Defendant drove while intoxicated.

**{8}** For these reasons, and the reasons set out in our notice of proposed summary disposition, we affirm the Defendant's conviction for DUI under the impaired-to-the-slightest-degree alternative. *See State v. Olguin*, 1995-NMSC-077, ¶ 2, 120 N.M. 740, 906 P.2d 731 (holding that due process does not require a general verdict of guilt to be set aside if one of the two alternative bases for conviction is supported by sufficient evidence).

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**