867 P.2d 416

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Samuel Justin HAYNIE, Defendant–
Appellant.**

**No. 20773.**

Supreme Court of New Mexico.

Jan. 3, 1994.

Sammy J. Quintana, Chief Public Defender and Susan Roth, Asst. Appellate Defender, Santa Fe, for appellant.

Tom Udall, Atty. Gen. and Katherine Zinn, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

RANSOM, Chief Justice.

Samuel J. Haynie was convicted on two counts of first-degree depraved-mind murder under NMSA 1978, Section 30–2–1(A)(3) (Repl.Pamp.1984). On appeal, the State concedes that, in the absence of danger to the *lives* of others, the killing of each of the separate victims at different times and places would not constitute depraved-mind murder. *See State v. DeSantos,* 89 N.M. 458, 461, 553 P.2d 1265, 1268 (1976) (stating that an act resulting in death must be dangerous to more than one person to support depraved-mind murder). We agree and reverse Haynie's convictions for first-degree murder. The question remains, however, whether this Court may remand this case for entry of judgment on the lesser included offense of second-degree murder, *see* § 30–2–1(B), or whether Haynie is entitled to a new trial on the lesser included offense.

The State asserts, and in reply Haynie agrees, that Haynie should be given the right to choose between resentencing and a new trial on second-degree murder. In support of this proposition, both the State and Haynie rely on *State v. Garcia,* 114 N.M. 269, 276, 837 P.2d 862, 869 (1992). In *Garcia,* this Court reversed the defendant's first-degree murder conviction because the conviction was not supported by substantial evidence. *Id.* at 274–75, 837 P.2d at 867–68. Originally this Court remanded the case for resentencing because the Court believed that the evidence supported a conviction of second-degree murder. The Court based its remand for resentencing on *Dickenson v. Israel,* 482 F.Supp. 1223, 1225–26 (E.D.Wis.1980), *aff'd,* 644 F.2d 308, 309 (7th Cir.1981), which held that a court may order resentencing on an adequately proven lesser included offense when reversing the defendant's conviction of a greater offense for insufficient evidence. On rehearing, however, the defendant satisfied the Court that there was evidence of sufficient provocation to reduce second-degree murder to the voluntary manslaughter on which the jury also was instructed. The State concurred and the Court found that "the interests of justice will be better served in this case by remanding for a new trial . . . ." *Garcia,* 114 N.M. at 276, 837 P.2d at 869.

The State apparently believes that our holding in *Garcia* requires that every defendant be given the right to choose between resentencing and retrial. *Garcia,* however, states only that the interests of justice would be better served by a new trial *in that case. Id.* Further, this case can be distinguished from *Garcia* in that the evidence does not support the conclusion that manslaughter is the highest offense that Haynie committed. Haynie originally conceded in his brief in chief that the evidence supports a second-degree murder conviction and that judgment should be entered accordingly. Given the substantial evidence of record, this concession is appropriate. The evidence shows that Haynie participated in the murder of the first victim by beating and stabbing the victim and shows that Haynie shot the second victim and slit his throat. Haynie did not offer any evidence that he was provoked by either victim. In addition, Haynie did not attempt to argue that manslaughter was the highest offense for which he could be convicted. Unlike the defendant in *Garcia,* Haynie

did not request a jury instruction on manslaughter. Instead, Haynie tendered only an instruction on, and argued only for, conviction of second-degree murder. Because the record supports a conviction of second-degree murder, the interests of justice would not be served by remanding this case for a new trial.

The majority of cases hold that appellate courts have the authority to remand a case for entry of judgment on the lesser included offense and resentencing rather than retrial when the evidence does not support the offense for which the defendant was convicted but does support a lesser included offense. *See, e.g., United States v. Cavanaugh,* 948 F.2d 405, 409 (8th Cir.1991); *United States v. Dickinson,* 706 F.2d 88, 93 (2d Cir.1983); *Dickenson,* 482 F.Supp. at 1225–26; *Edwards v. State (Ex parte Edwards),* 452 So.2d 508, 510 (Ala.1984); *Brooks v. State,* 314 Md. 585, 552 A.2d 872, 880 (1989). The rationale for this holding is that there is no need to retry a defendant for a lesser included offense when the elements of the lesser offense necessarily were proven to a jury beyond a reasonable doubt in the course of convicting the defendant of the greater offense. *See Brooks,* 552 A.2d at 880. In this case, substantial evidence supports the verdict that Haynie is guilty of killing the victims with knowledge that his acts created a strong probability of death or great bodily injury. Therefore, the elements of second-degree murder are met.

Haynie's conviction for first-degree depraved-mind murder is reversed and we remand the case to the district court for entry of judgment of conviction and resentencing for second-degree murder.

IT IS SO ORDERED.

MONTGOMERY and FRANCHINI, JJ., concur.