2002-NMCA-044

45 P.3d 54

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Rudy SEGURA, Defendant–Appellant.**

**No. 22,198.**

Court of Appeals of New Mexico.

Feb. 27, 2002.

Certiorari Denied, No. 27,434, April 11, 2002.

Patricia A. Madrid, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

SUTIN, Judge.

{1} Convicted of two counts of attempted third degree criminal sexual contact of a minor, Defendant, the Child's uncle, appeals on grounds of double jeopardy and insufficient evidence. We hold there was insufficient evidence of the attempted third degree offense for which Defendant was convicted and that double jeopardy precludes a conviction for more than one count, but that Defendant should have been adjudicated guilty of attempted fourth degree criminal sexual contact of a minor. Therefore, we reverse and remand.

## BACKGROUND

{2} Child lived with her mother, her stepfather, and two siblings in Texas since the age of nine. When she was twelve, due to a strained relationship with her stepfather, her mother arranged for Child to move to her grandmother's home, in New Mexico, where Child's father also lived, for at least six months to give Child an opportunity to reacquaint herself with her father and his family. Child became unhappy at her father's home for various reasons, including not relating well to her father, and she frequently requested permission from her mother to return to Texas.

{3} The events at issue began when Child, her father, and her father's brother, Defendant Rudy Segura, went to a birthday party for the child of a friend of father's. During this Saturday evening event, father and Defendant consumed a twenty-four pack of beer. After leaving the party around midnight, the men bought another twenty-four pack of beer and went to father's ex-girlfriend's home with Child, where father and Defendant continued drinking. Child fell asleep and woke up around 6 a.m. and saw father and Defendant still drinking.

{4} The three then went to Defendant's home to drop him off. Father and Child were to then drive to father's home, rest, and prepare for a belated thirteenth birthday party for Child later that day. However, father passed out on Defendant's sofa. Child sat on a chair in the kitchen. Defendant, beer in hand, sat in a chair beside Child, made verbal sexual overtures, and grabbed her left hand and pulled it toward his groin. Child pulled her hand away. Defendant then made more sexually explicit comments, grabbed Child's chair, turned it to face him, and grabbed and pulled Child's hands toward his groin. Child successfully resisted and went to awaken father. Eventually, father and Child left Defendant's house.

{5} Defendant was convicted of two counts of Attempt to Commit a Felony: Criminal Sexual Contact of a Minor (Position of Authority), under NMSA 1978, § 30-9-13(A)(2)(a) (1991) and NMSA 1978, § 30-28-1 (1963).

## DISCUSSION

{6} Defendant claims he was twice convicted for a single offense in violation of Amendments V and XIV of the United States Constitution and N.M. Const. art. II, § 15. He further claims the evidence was insufficient to support his convictions because he cannot be considered a person in a "position of authority" under Section 30-9-13(A)(2)(a).

### Double Jeopardy

{7} Defendant contends the two acts of pulling Child's hands toward his groin constituted a single criminal offense for which double conviction is unconstitutional. *See Swafford v. State,* 112 N.M. 3, 7–8, 810 P.2d 1223, 1227–28 (1991); *Herron v. State,* 111 N.M. 357, 358–59, 805 P.2d 624, 625–26 (1991). We review this issue de novo. *State v. Reyes–Arreola,* 1999–NMCA–086, ¶ 5, 127 N.M. 528, 984 P.2d 775.

{8} The *Herron* factors in determining whether one act is sufficiently distinct from another to permit multiple punishments are: temporal proximity, location (movement or repositioning of the victim), intervening event, sequence, and intent (as evidenced by his conduct and utterances). *Herron,* 111 N.M. at 361, 805 P.2d at 628. The State contends Defendant was properly convicted of two separate and distinct counts of criminal sexual contact of a minor (CSCM) under the *Herron* factors.

{9} Repeated touching of a minor's groin area over a short period of time with no intervening event aside from the minor's pushing the perpetrator's hand away is "a single ongoing attempt to reach [the minor's] private parts." *State v. Laguna,* 1999–NMCA–152, ¶ 38, 128 N.M. 345, 992 P.2d 896. In the present case, Defendant moved Child's hands to Defendant's groin area. This case is virtually indistinguishable from *Laguna.* One of Defendant's CSCM convictions cannot stand. Otherwise, Defendant is convicted twice for a single offense, in violation of the federal and state constitutional prohibitions against double jeopardy.

**Sufficiency of Evidence**

{10} Defendant contends there was insufficient evidence to prove he was in a position of authority. We must determine whether a rational jury could have found this element to be established beyond a reasonable doubt, while viewing the evidence in the light most favorable to the jury's verdict and indulging all inferences in favor of upholding that verdict. *State v. Carrasco*, 1997-NMSC-047, ¶¶ 10-11, 124 N.M. 64, 946 P.2d 1075.

{11} The crime of attempt to commit a felony involves "an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission." § 30-28-1. The felony of CSCM, the commission of which Defendant was charged with attempting, consists of "unlawful and intentional causing of a minor to touch one's intimate parts." § 30-9-13. The conduct constitutes CSCM in the third degree and is a third degree felony when the "perpetrator is in a position of authority over the child and uses this authority to coerce the child to submit." § 30-9-13(A)(2)(a). "[P]osition of authority" is defined as "that position occupied by a parent, relative, household member, teacher, employer or other person who, by reason of that position, is able to exercise undue influence over a child." NMSA 1978, § 30-9-10(E) (2001).

{12} The jury was instructed that it could return one of four possible verdicts of guilt as to the charges in two counts of attempted CSCM: (1) attempted CSCM (position of authority); (2) attempted CSCM; (3) enticement of a child; (4) and battery. The jury found Defendant guilty on the two counts of attempted CSCM (position of authority) only. As to the charge of attempted CSCM (position of authority), the district court instructed the jury as follows:

> For you to find the defendant guilty of Attempted Criminal Sexual Contact of a Minor by use of force or coercion by a person in a position of authority as charged in Count I [and Count II], the State must prove to your satisfaction beyond a reasonable doubt, each of the following elements of the crime:

1. The defendant attempted to cause [Child] to touch the penis of the defendant;

2. The defendant intended to commit the crime of Criminal Sexual Contact of a Minor by use of force or coercion by a person in a position of authority;

3. The defendant began to do an act which constituted a substantial part of the crime of Criminal Sexual Contact of a Minor by use of force or coercion by a person in a position of authority;

4. The defendant was a person who by reason of his relationship to [Child] was able to exercise undue influence over [Child] and used this authority to force or coerce her to submit [to] sexual contact;

5. [Child] was at least 13 but less than 18 years old;

6. This happened in Sandoval County, State of New Mexico, on or about the 25th day of April, 1999.

{13} This instruction became "the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct.App.1986). Pursuant to this jury instruction, which established the law governing this case, the State was required, among other elements, to prove Defendant "was a person who by reason of his relationship to [Child] *was able to exercise* undue influence over [Child] and *used this authority* to force or coerce her to submit [to] sexual contact." (Emphasis added.) The district court did not preface this element of the crime of CSCM with "attempt" as it did in paragraph one of the instruction in connection with the element of causing Child "to touch the penis of the defendant." Nor did the court preface this element with the words "[t]he defendant began to do an act which constituted . . . ," as it did in paragraph three of the instruction in connection with the element of the use of force or coercion. Further, the district court did not instruct the jury on the element of failing to effect commission of the underlying offense. *See* § 30-28-1; UJI 14-2801 NMRA 2002. Thus, in order to convict Defendant, the jury was required to determine beyond a reasonable doubt that Defendant by reason of his position of authority was *actually* able to exercise undue influence

over Child and *succeeded* in forcing or coercing her to submit to sexual contact through the use of that position of authority.

{14} The evidence of Defendant's actions and Child's responses consisted of the following. Before the first hand grab, Defendant stated to Child: "Don't tell your father this, but you've got nice tits." Child could not believe her uncle would say this to her. Defendant asked Child if she had ever had sex and if she enjoyed it. He asked her if she ever "gave head" or if she had ever been "ate out," referring to oral sex. He asked Child if she had a condom for them. He told her he wanted to get in her and see if it hurt her. He asked her to have a sexual relationship with him. All this made Child very uncomfortable. She asked Defendant why he was saying these things, being her blood uncle. He told her that did not mean anything. She thought Defendant was drunk and questioned whether Defendant knew what he was saying. Defendant then grabbed Child's left hand and pulled it to his groin. Child pulled her hand back. Before the second grab, Defendant turned Child's chair to face him and continued to ask whether Child had ever had sex and told her to feel what a real man was like for when she got older. After Defendant grabbed both of Child's hands and pulled them toward his groin, he told her again she needed to feel a real man so she would know what she was doing when she got older. Child pulled back her hands from Defendant's grip and had red marks on her wrists. Child successfully resisted Defendant's attempts to force sexual contact. Defendant then told Child to go wake up her father before he did something. Child felt scared.

{15} This constituted the State's proof that Defendant, because of his relationship to Child, was able to exercise undue influence over her and use his position of authority to force or coerce her to submit to sexual contact. The proof is insufficient. This case is devoid of evidence of actual ability to exercise through a position of authority any undue influence over Child, thereby succeeding in coercing or causing her to submit to sexual contact. Child not only questioned how Defendant could talk and act as he did, in view of the fact Defendant was her uncle, she twice within moments forcibly resisted sexual contact by pulling her hands back from Defendant's grip. She then left the room. Defendant's words leading up to his forcible conduct can hardly be considered an undue influence on Child causing her to submit to any sexual contact. No evidence exists that Child was at all actually unduly influenced to submit to any sexual contact. No sexual contact occurred.

{16} This case is a good example of an untoward result, namely, reversal, required because the district court and the State did not set out the initiatory crime of attempt in the jury instructions in a manner to insure all elements of the underlying crime were properly placed within the context of the initiatory crime of attempt. Here, the underlying crime of CSCM in the third degree (position of authority) is comprised of several elements. These elements, each of which was applicable in this case and to each of which the initiatory crime of attempt should have been made applicable, are (1) "unlawful and intentional causing of a minor to touch one's intimate parts," § 30–9–13; where (2) "the perpetrator is in a position of authority over the child and uses this authority to coerce the child to submit," § 30–9–13(A)(2)(a); with position of authority defined as (3) "that position occupied by a . . . relative . . . who, by reason of that position, is able to exercise undue influence over a child," § 30–9–10(E). The attempt aspect of the charge needed to be connected with the underlying crime in a manner that made it clear to the jury that the initiatory crime of attempt applied to all elements of the underlying crime. *See* UJI 14–926 NMRA 2002 and UJI 14–2801. Instead of following UJI 14–2801 (attempt to commit a felony; essential elements) and its Use Note requiring the essential elements of the underlying felony to be "given immediately following this instruction," the court and parties used a specially tailored instruction that had the effect of requiring proof of commission of the underlying felony as opposed to proof only of the attempt to commit the underlying offense. Had the jury been properly instructed, the jury would have been on solid grounds to draw reasonable inferences from the circum-

stances to convict Defendant of attempt to commit CSCM (position of authority). *See State v. Trevino*, 113 N.M. 804, 807, 833 P.2d 1170, 1173 (Ct.App.1991) (holding jury could infer coercion resulting from an employment relationship), *aff'd sub nom. State v. Orosco*, 113 N.M. 780, 787, 833 P.2d 1146, 1153 (1992); *see also People v. Reid*, 233 Mich. App. 457, 592 N.W.2d 767, 773–74 (1999) (holding evidence of position of authority sufficient where parents entrusted child to the care of a person who informally acted as a counselor to the child from time to time).

■ {17} We conclude there was insufficient evidence to convict Defendant as a person in a position of authority in violation of Section 30–9–13(A)(2)(a), under the law of the case as given to the jury. However, based on the jury's verdict, we determine that had the jury not convicted Defendant of attempted CSCM (position of authority), it would have convicted Defendant of attempted commission of CSCM by force or coercion in violation of Section 30–9–13(B)(1), requiring only the attempt to unlawfully and intentionally cause a minor, through force or coercion, to touch one's intimate parts, a lesser-included offense, and one on which the jury was also instructed. We remand to the district court to enter a judgment against Defendant on one count of attempted criminal sexual contact of a minor in the fourth degree in violation of Sections 30–28–1 and 30–9–13(B)(1). *See State v. Haynie*, 116 N.M. 746, 747–48, 867 P.2d 416, 417–18 (1994) (stating appellate court has authority to remand for entry of judgment and resentencing when evidence does not support offense for which a defendant was convicted, but does support a lesser included offense, and the interests of justice would not be served by allowing a new trial).

## CONCLUSION

{18} Defendant's attempted CSCM (position of authority) in the third degree convictions are reversed. We remand with instructions to enter judgment convicting Defendant of one count of attempted criminal sexual contact of a minor in the fourth degree in violation of Sections 30–28–1 and 30–9–

13(B)(1) of the New Mexico Statutes Annotated, and for sentencing for that crime.

{19} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and LYNN PICKARD, Judges.