This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　　　　**No.  30,443**

**JOHN FIERRO,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A.  Dean, District Judge**

Gary K. King, Attorney General
Ann M.  Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L.  Cooper, Acting Chief Public Defender
Kathleen T.  Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant John Fierro was convicted of two counts of criminal sexual penetration in the fourth degree based on his penile penetration of the anus and digital penetration of the vagina of his fifteen-year-old cousin. We must decide whether the sequential penetrations of the victim's orifices, with two different objects, were sufficiently distinct to warrant separate counts of criminal sexual penetration and pass scrutiny under our double jeopardy protections. We hold that Defendant's resulting two convictions do not violate double jeopardy. We therefore affirm the convictions on both counts.

**Background**

After Defendant was originally charged with two counts of criminal sexual penetration in the second degree under NMSA 1978, Section 30-9-11(E) (2009), he filed a pretrial motion to dismiss one count on double jeopardy grounds. Defense counsel conceded the facts as alleged by the victim and asked the district court to rule on Defendant's double jeopardy claim. Relying on the State's affidavit for arrest warrant and the summary of facts presented to the court, we set forth the facts as follows.

The victim's family explained to investigators that Defendant had been kicked out of his own house and was residing at their house in the meantime. According to the victim, on the night of the incident Defendant bought soft drinks from a local fast-

2

food restaurant for the victim and other family members. After drinking the beverage given to her, the victim claimed she became tired and went to her room to sleep. She remembered awakening to Defendant entering her room, approaching her bed, and saying "What's up?" She responded, "I'm sleeping" and attempted to go back to sleep by closing her eyes. After which, she felt Defendant pull her pants down and felt "a whole bunch of . . . pain in [her] butt." She remembered the pain "went away," and she was "going to sleep a little bit," but then felt "a lot of pressure in [her] vagina." Afterward she returned to sleep. The victim's penetration claim was corroborated, in the State's opinion, by the results of a medical evaluation that found "evidence of physical injuries or contusions to [both] her anal . . . [and] vaginal opening[s]."

Defendant offered further details to the police investigator regarding the penetrations, stating that he was "fingering her vagina" for five to ten minutes when he decided he "was going to go inside her" anus with his penis. He stated that she "turned around," but that he "barely put [his] penis against her ass" when he ejaculated.

**Sufficiency of the Evidentiary Record for Double Jeopardy Analysis**

As a threshold matter, the State argues that this Court should forego its double jeopardy analysis because Defendant "has failed to assure an adequate record for review of his claim." While we acknowledge the general validity of the State's legal

citations—that defendants shoulder the evidentiary burden for double jeopardy claims, that counsel's assertions of double jeopardy are neither evidence nor sufficient for double jeopardy review, and that double jeopardy claims must be rejected if they are without a factual basis in the record—we disagree that any of these principles require dismissal of Defendant's claim without further review.

Facing two counts of second degree criminal sexual penetration, Defendant attempted to have one count dismissed on double jeopardy grounds, but this attempt failed. He then accepted a plea agreement for two lesser counts of fourth degree criminal sexual penetration. Accordingly, Defendant's case never proceeded to trial and no evidence was submitted through factual hearings. The district court record, however, contains a sufficient factual basis for our review. During the pretrial motion hearing, the parties presented summaries of the facts based on interviews and statements of Defendant and the victim. The affidavit used to support Defendant's arrest warrant provided an additional summary of the facts based on the assigned detective's investigation and was entered into the district court record. And finally, the State provided a summary of the evidence supporting the convictions at the plea hearing.

While this Court has recognized that double jeopardy claims require meticulous review of the facts and can rarely be determined on the face of an indictment, *State v.*

*Sanchez*, 1996-NMCA-089, ¶¶ 8, 11, 122 N.M. 280, 923 P.2d 1165, we have relied on evidence outside factual hearings that is established from the record of a guilty plea without trial. *State v. Andazola*, 2003-NMCA-146, ¶ 2, 134 N.M. 710, 82 P.3d 77 ("Because the charges were resolved by a plea agreement, we have the factual background in the record proper, including the affidavit to the criminal complaint and the sworn depositions of the victims, as well as the transcript of the hearings in this case."); *State v. Handa*, 120 N.M. 38, 40-42, 897 P.2d 225, 227-29 (Ct. App. 1995) (relying on facts from a pretrial motion to strike and from a sentencing memorandum to determine double jeopardy claim); *State v. Jackson*, 116 N.M. 130, 132, 860 P.2d 772, 774 (Ct. App. 1993) (basing double jeopardy review on the summary of facts presented at the plea hearing); *State v. Tsethlikai*, 109 N.M. 371, 372-74, 785 P.2d 282, 283-85 (Ct. App. 1989) (relying on an exhibit that reported pertinent events and was tendered by the defendant at a sentencing hearing for a double jeopardy analysis).

Unlike in *Sanchez*, where the defendant "base[d] his double jeopardy claim solely on the indictment with no underlying factual record[,]" the factual record here, as presented to the district court in affidavit and summary form, is sufficient for our double jeopardy review. 1996-NMCA-089, ¶ 8. The procedural posture and factual record of this case are indistinguishable from those reviewed in *Andazola*, *Handa*, and

*Jackson*, and no legally sound reason exists to forego a full review of Defendant's double jeopardy claim.

**Defendant's Convictions Do Not Violate Double Jeopardy**

Defendant contends that one of his two fourth degree criminal sexual penetration convictions violates the constitutional guarantee against double jeopardy because it subjected him to multiple punishments for the same offense. Specifically, Defendant argues that although he pleaded no contest to penile penetration of the victim's anus and digital penetration of the victim's vagina, both penetrations were merely part of "a singular intent to engage in sexual relations with one individual, i.e., a single course of conduct" and cannot be punished separately.

Defendant's claim is governed by our double jeopardy jurisprudence as applied to unit-of-prosecution cases. *Swafford v. State*, 112 N.M. 3, 8, 810 P.2d 1223, 1228 (1991) (describing unit-of-prosecution cases as ones in which "the defendant has been charged with multiple violations of a single statute based on a single course of conduct"). In this context, multiple punishments will violate double jeopardy unless (1) "the [L]egislature intended to create a separate offense for each violation of the statute that occurred during a continuous series of events[,]" or (2) the violations are in some sense distinct. *State v. Haskins*, 2008-NMCA-086, ¶¶ 16-17, 144 N.M. 287, 186 P.3d 916. Because our Supreme Court has held that the Legislature has not unambiguously declared its intention to punish separately each penetration, we must

determine whether Defendant's anal penetration of the victim was in some sense distinct from the vaginal penetration. *Id.*

There are six factors to consider in determining distinctness according to *Herron v. State*, 111 N.M. 357, 805 P.2d 624 (1991). Those factors are:

> (1) temporal proximity of penetrations (the greater the interval between acts the greater the likelihood of separate offenses); (2) location of the victim during each penetration (movement or repositioning of the victim between penetrations tends to show separate offenses); (3) existence of an intervening event; (4) sequencing of penetrations (serial penetrations of different orifices, as opposed to repeated penetrations of the same orifice, tend to establish separate offenses); (5) defendant's intent as evidenced by his conduct and utterances; and (6) number of victims (although not relevant here, multiple victims will likely give rise to multiple offenses).

*Id.* at 361, 805 P.2d at 628. The *Herron* Court clarified that none of these factors alone is determinative, "[e]xcept for penetrations of separate orifices with the same object," which alone can establish distinct acts. *Id.* at 362, 805 P.2d at 629.

In evaluating Defendant's claim, which was raised as a pretrial motion to dismiss, we accept the State's factual allegations and review the legal determination de novo. *State v. Johnson*, 2009-NMSC-049, ¶¶ 3-4, 147 N.M. 177, 218 P.3d 863 ("Since this matter is before us on review of [the d]efendant's motion to dismiss, we briefly set forth the allegations in the [prosecution's] criminal complaint. . . . A defendant's pretrial motion to dismiss cannot contradict allegations of fact supported by probable cause; to do so would raise a factual issue for the jury to decide." (internal

quotation marks and citations omitted)). Moreover, we apply a de novo standard of review to the constitutional question of whether there has been a double jeopardy violation. *Andazola*, 2003-NMCA-146, ¶ 14.

Reviewing the facts as alleged by the victim, along with consistent details provided by Defendant himself, the result under *Herron* is clear. Defendant's serial penetrations of the victim's two different orifices (anus and vagina), with two different objects (penis and finger), are distinct acts and double jeopardy does not prohibit their separate punishment. *Herron* identified only one scenario that provides a definitive answer on the issue of distinctness—penetrations of different orifices with the same object. 111 N.M. at 362, 805 P.2d at 629. Although Defendant penetrated different orifices with *different* objects, he did not do so simultaneously, and thus Defendant's scenario is conceptually equivalent to the one specifically identified in *Herron* as determinative. The factual scenario alone, serial penetration of different orifices, is enough to surmount any double jeopardy concern. But this determination is bolstered by the fact that the remaining *Herron* factors do not weigh in Defendant's favor.

The fact that Defendant targeted one victim may indicate a single act occurred. But Defendant's ejaculation during his penetration of the victim's anus, the cessation of pain as reported by the victim, and her attempt to return to sleep, all occurring

before the subsequent penetration of the victim's vagina, weigh in favor of the existence of an intervening event and mark a break in time sufficient to divorce the two penetrations into distinct criminal acts. Additionally, Defendant admitted that the victim turned over between penetrations, suggesting some change in position, which under *Herron* is indicative of two offenses. *Id.* ("Two offenses were committed upon returning to the living room—one digital penetration of the vagina and, after repositioning the victim, one penile penetration of the vagina."). Finally, Defendant's intent, as evidenced by his conduct, does not appear to clearly indicate a single act, especially where he moved from penile penetration of the anus resulting in ejaculation to digital penetration of the vagina, with no apparent connection between the two violations.

Defendant's arguments with respect to *State v. Ervin*, 2008-NMCA-016, 143 N.M. 493, 177 P.3d 1067, *State v. Segura*, 2002-NMCA-044, 132 N.M. 114, 45 P.3d 54, and *State v. Laguna*, 1999-NMCA-152, 128 N.M. 345, 992 P.2d 896, are equally unpersuasive. *Segura* and *Laguna* analyzed double jeopardy with respect to multiple charges for repeated attempts of criminal sexual contact of a minor to a single private area. *Segura*, 2002-NMCA-044, ¶ 9; *Laguna*, 1999-NMCA-152, ¶ 38. In the criminal sexual penetration context, those scenarios would be tantamount to repeated attempts

to penetrate the same orifice, which is legally different from the multiple orifice penetrations endured by the victim here.

*Ervin*, on the other hand, does address distinct areas of the body—similar to multiple orifice penetration, but is inapplicable due to the distinct treatment of simultaneous and serial contacts or penetrations. The *Ervin* Court noted that "[the d]efendant massaged [the c]hild's nude body, touching her breasts, buttocks, and vagina [in] one continuous course of conduct . . . . There was no lapse in time between the times [the d]efendant touched [the c]hild's different body parts and no intervening event." 2008-NMCA-016, ¶ 46. In stark contrast, the victim in the present case described a clear break between the two penetrations she endured and therefore *Ervin*'s reasoning does not control our analysis here. In a penetration context, *Ervin* is equivalent to simultaneous penetration of different orifices which could constitute a single act of penetration, depending on the factual circumstances. *Herron*, 111 N.M. at 361, 805 P.2d at 628 ("Simultaneous penetration of different orifices with different objects raises a similar problem."). *Herron* clearly distinguished the *Ervin*-like scenario of simultaneous penetrations from "serial penetrations of different orifices" that "tend to establish separate offenses[.]" *Id.*

**Conclusion**

The convictions are affirmed.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**