GARCIA, Judge (concurring in part and dissenting in part) Respectfully, I disagree with one aspect of the majority decision and would reverse Defendant’s conviction of CSPM alleged in Count 13 and remand for the entry of an amended judgment and resentencing on the lesser included offense of CSCM for Count 13. The majority determined that sufficient evidence exists from the testimony to support a conviction of CSPM under Count 13 because “it would be unwise for us to establish within our caselaw any requirement that the trial record reflect comprehension of anatomic specifics or the technical nuances of what constitutes penetration under the applicable jury instruction.” Majority Opinion ¶ 9. In effect, the majority explained that evidence need not be so anatomically exacting in situations such as this one, involving skin to skin contact where D efendant “would slide his fingers up and down on [H.T.’s] private part.” Majority Opinion ¶¶ 6, 9 (Emphasis added.) However, when specifically asked to clarify this testimony, defense counsel asked H.T., “[Y]ou testified today that when [Defendant] put his hand on your private, he would move it in and out. Is that how you worded it?” H.T.’s response was “No, like ... he would move up and down.” (Emphasis added.) The answer was confirmed a second time. “Up and down?” Answer: “Yes.” The only other evidence or testimony regarding the factual allegations for Count 13 came from the PA who examined H.T. several days later and testified that “she did not observe any injuries” on H.T. but did observe redness and small scratch injuries on her sister, L.T. Majority Opinion ¶ 6. The factual issue in this case is not about H.T.’s comprehension of anatomical specifics or technical nuances. H.T.’s reference to her vagina as “my private part” is not at issue in this case. Defendant does not argue that his conviction should be overturned because H.T. failed to sufficiently describe Defendant’s fingers sliding up and down on her vagina. The only issue is whether the evidence established the insertion, to any extent, ofDefendant’s finger(s) into the vagina of H.T. See UJI 14-957 NMRA (requiring insertion into the body part of a child as one of the elements for CSPM of a child under the age of thirteen); § 30-9-11(A). When asked this specific question regarding whether Defendant put his hand in her private part, H.T. answered “No.” The State does not challenge the veracity or truthfulness of H.T. ’s answer to the only question that was asked regarding the potential penetration of her vagina. Sufficient evidence exists to affirm a conviction where substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to each essential element of a crime charged. Apodaca, 1994-NMSC-121, ¶ 3. In reviewing an insufficiency claim, we must view the evidence in the light most favorable to the state and indulge all reasonable inferences in favor of the verdict. State v. Phillips, 2000-NMCA-028, ¶ 7, 128 N.M. 777, 999 P.2d 421. The only evidence offered regarding whether Defendant inserted his finger, to any extent, into the vagina of the victim was specifically answered by H.T. — “No.” The record is void of any other evidence of penetration of H.T.’s vagina. Any other logical inference or conclusion of penetration that might be drawn from H.T.’s answer is nothing more than pure speculation, conjecture, or guesswork. Our appellate courts do not permit the jury to determine guilt based upon speculation, guess, or conjecture. State v. Rojo, 1999-NMSC-001, ¶ 31, 126 N.M. 438, 971 P.2d 829; State v. Slade, 2014-NMCA-088, ¶ 14, 331 P.3d 930, cert. granted 2014-NMCERT-008, 334 P.3d 425; see UJI 14-6006 NMRA (instructing the jury not to base their verdict on speculation, guess or conjecture). The jury was asked to utilize speculation and conjecture to contradict H.T.’s direct testimony and then impermissibly infer that other evidence established penetration into her private part. As a result, I respectfully dissent regarding Defendant’s conviction of CSPM under Count 13. Because the lesser included offense of CSCM was also presented to the jury regarding Count 13 and because sufficient evidence exists for a reasonable jury to convict Defendant of CSCM regarding Count 13, this Court should have remanded for the entry of judgment and resentencing for CSCM on Count 13. See Slade, 2014-NMCA-088, ¶ 38 (Generally, “appellate courts have the authority to remand a case for entry of judgment on the lesser included offense and resentencing rather than retrial when the evidence does not support the offense for which the defendant was convicted but does support a lesser included offense:” (internal quotation marks and citations omitted)); State v. Haynie, 1994-NMSC-001, ¶¶ 3-4, 116 N.M. 746, 867 P.2d 416 (reversing the defendant’s first degree murder conviction due to insufficient evidence and remanding to the district court for entry of judgment on the lesser included charge of second degree murder where the jury had been instructed on that charge, substantial evidence supported conviction on that charge, and the interests of justice would not be better served by a new trial). For the reasons stated herein, I would reverse the district court’s determination of guilt for CSPM under Count 13 and would remand Count 13 for entry of judgment and resentencing for the lesser included charge of CSCM. I concur in the majority decision in all other respects. TIMOTHY L. GARCIA, Judge