This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **No. 34,955**

**MICHAEL A. ROMERO, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, Jr., District Judge**

Hector H. Balderas, Attorney General
Laura E. Horton, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     In order to avoid arrest, Defendant, a passenger in his sister's vehicle, took command of the vehicle from his sister and began a high-speed chase when law enforcement attempted to pull the vehicle over. We hold that Defendant was properly convicted of unlawfully taking the vehicle. We further hold that Defendant was wrongfully convicted of battery on a household member but was nevertheless guilty of the lesser included offense of simple battery.

**BACKGROUND**

{2}     Defendant Michael A. Romero, Jr. called his sister, Tabitha Romero, asking for a ride for himself and a friend. Tabitha, with her two young children, picked both up, dropped Defendant's friend off, and drove to a convenience store for gas. Officer Dennis Garcia, then with the Tucumcari, New Mexico, Police Department, recognized Defendant and knew he had an active, outstanding warrant. The officer saw Tabitha's vehicle pulling into the convenience store with Defendant "slouched down" in the front passenger seat. Moments later, Defendant was no longer visible in the front seat as the vehicle pulled through the gas pump area. When the vehicle left the gas station, the officer turned on his emergency equipment to conduct a traffic stop. The officer then observed Defendant move from the back seat to the front seat of the vehicle, and

2

he saw the passenger door "begin to crack open." The officer used his speaker to instruct Defendant to remain in the vehicle. The door closed, and the officer saw Defendant move to the middle of the vehicle, take control of the steering wheel, and climb on top of Tabitha, who was driving. A high-speed chase ensued.

{3}    The details of what occurred after leaving the convenience store came from Tabitha. According to Tabitha, Defendant wanted her to keep driving and not stop, and when she told Defendant to get out of the vehicle, Defendant refused. Defendant moved into the driver's side and placed his foot on Tabitha's forcing her to accelerate, whereupon Tabitha jumped into the back seat with her children, leaving Defendant to drive.

{4}    The officer lost sight of Tabitha's vehicle. Defendant parked the vehicle in a driveway of a random house in Tabitha's neighborhood and left on foot. Eventually, Tabitha and her children were given a ride by Tabitha's mother. The vehicle was later discovered in a garage of an unoccupied home.

{5}    Defendant was convicted of unlawfully taking a motor vehicle, in violation of NMSA 1978, Section 30-16D-1(A) (2009). He was also convicted of battery upon a household member, in violation of NMSA 1978, Section 30-3-15(A) (2008).

3

Defendant appeals both convictions.[1] Defendant contends that the State failed to prove beyond a reasonable doubt that he unlawfully took the vehicle or that he committed battery on a household member.

**DISCUSSION**

{6} We review for sufficiency of the evidence to support the convictions, *State v. Sanders*, 1994-NMSC-043, ¶ 11, 117 N.M. 452, 872 P.2d 870, and we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Astorga*, 2015-NMSC-007, ¶ 57, 343 P.3d 1245 (internal quotation marks and citation omitted).

{7} The unlawful taking of a motor vehicle consists of a person taking any motor vehicle without the consent of the owner. *See* § 30-16D-1. The vehicle was co-owned by Tabitha and her former boyfriend, Robert Unruh, and Defendant contends that he cannot be convicted of unlawful taking absent either an amendment to the criminal statute or enactment of a new statute that "addresses the unlawful taking of a jointly owned vehicle where consent is split among the owners."

---

[1] Defendant was also charged with two counts of child abuse but the jury hung on those counts.

{8}     We see no sound basis for Defendant's argument. Unruh signed an affidavit that he did not give consent to Defendant in this circumstance. And Tabitha's testimony supplies the evidence necessary to prove beyond a reasonable doubt that Defendant did not have her consent to take command of the vehicle as he did. Specifically, at no point did Tabitha's testimony or any other evidence in the record, including Officer Garcia's testimony, indicate that she gave Defendant permission to possess her vehicle. To the contrary, the evidence indicates that Defendant eventually commandeered the vehicle, at one point sitting on his sister and forcibly pressing her foot into the accelerator. We therefore affirm Defendant's conviction for unlawfully taking Tabitha's vehicle.

{9}     The conviction for battery on a household member cannot stand. Battery on a household member consists of "the unlawful, intentional touching or application of force to the person of a household member, when done in a rude, insolent or angry manner." Section 30-3-15(A). The jury was improperly instructed that "household member means . . . family member, including a relative." In 2010, however, which antedated the circumstances here, the definition of "household member" was changed to "a spouse, former spouse, parent, present or former stepparent, present or former parent in-law, grandparent, grandparent-in-law, a co-parent of a child or a person with

5

whom a person has had a continuing personal relationship." NMSA 1978, § 30-3-11(A) (2010); *see* UJI 14-370 NMRA.

{10}    Furthermore, the phrase "continuing personal relationship" in Section 30-3-11(B) means "a dating or intimate relationship." The relationship between Defendant and his sister Tabitha does not meet the applicable definition. We hold that Defendant's conviction for battery on a household member was not supported by the evidence, and we reverse that conviction.

{11}    The State asks this Court to remand for imposition of a sentence of simple battery, on the ground that the evidence supports such a conviction. *See State v. Haynie*, 1994-NMSC-001, ¶ 4, 116 N.M. 746, 867 P.2d 416 (stating that "appellate courts have the authority to remand a case for entry of judgment on the lesser included offense . . . when the evidence does not support the offense for which the defendant was convicted but does support a lesser included offense").

{12}    Case law indicates, however, that such a remand is not permitted when the lesser included offense was not submitted by the State at trial and the defendant was not in a position to defend against the lesser included offense. *See State v. Villa*, 2004-NMSC-031, ¶¶ 9-14, 136 N.M. 367, 98 P.3d 1017. To avoid that case law, the State argues that Defendant never questioned the conviction based on whether Tabitha fit the definition of "household member," but instead questioned only whether Defendant

6

touched Tabitha in a rude, insolent, or angry manner. Defendant does not dispute this and concedes that Tabitha was not a household member as defined by law. The State argues that *Villa* is therefore not applicable in this instance and seeks remand for imposition of a simple battery sentence.

{13} We agree with the State that remand is in order. Defendant never contested whether Tabitha was a household member, and he thus necessarily defended only on the ground that he did not commit battery. Defendant therefore had every opportunity to defend against the crime of simple battery.

{14} Defendant contends that there was insufficient evidence to convict him of simple battery. We defer to the jury's determination as to the elements of the crime and do not second-guess juries on factual issues. *See State v. Notah-Hunter*, 2005-NMCA-074, ¶ 13, 137 N.M. 597, 113 P.3d 867 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact-finder as long as there is sufficient evidence to support the verdict." (alteration, internal quotation marks, and citation omitted)). In this case, it is proper for this Court to remand to the district court with instructions to impose a sentence based on simple battery upon Tabitha.

**CONCLUSION**

{15}    We affirm Defendant's conviction for unlawful taking of a motor vehicle. We reverse Defendant's conviction for battery upon a household member and remand with instructions to impose a sentence based on conviction of simple battery.

{16}    **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**

8